NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

(Serial No. 10/643,288)

**IN RE FRANCIS L. CONTE**

2011-1331

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

Decided: November 15, 2011

FRANCIS L. CONTE, of Swampscott, Massachusetts, pro se.

RAYMOND T. CHEN, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia. With him on the brief were WILLIAM LAMARCA and SYDNEY O. JOHNSON, JR., Associate Solicitors.

Before PROST, SCHALL, and MOORE, *Circuit Judges.*

PER CURIAM.

Francis L. Conte appeals the decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences ("Board") affirming the rejection of all of the claims of the U.S. Patent Application No. 10/643,288 ("'288 application"), as obvious under 35 U.S.C. § 103.[1]  Because the Board correctly determined that the claims would have been obvious to one of ordinary skill in the art, we *affirm*.

## DISCUSSION

The invention claimed in the '288 application is a rubber band gun for swatting and killing insects.  As depicted below, the gun includes an elongated rod (12) and a handgrip (14).  A rubber band (18) is affixed to the front of the gun using a keyhole slot (30) and to the back of the gun using a hook (20).  When the user pulls the trigger (24), the hook (20) releases the rubber band (18) from the back, causing a whip lash that can strike an insect.

---

[1]  The Board affirmed the Examiner's rejection of claims 1, 3, 5, 9-12 and 14-22, reversed the Examiner's rejection of claims 6, 8, 13 and 23, and entered new grounds of rejection for claims 1, 3, 5, 6 and 8-23.  The remaining claims (2, 4 and 7) have been canceled.



As demonstrated below, more than one rubber band may be used in the claimed invention. To achieve that end, two rubber bands (36 and 38) are knotted together (34) to form a longer whip. The rubber bands in the preferred embodiment are standard rubber bands commercially available at common stationary stores.



Although the Board rejected all of the claims in the '288 application, Conte's appeal focuses on the rejection of claim 1.[2] We thus treat claim 1 as representative. *See In*

---

[2] The '288 application contains apparatus and method claims. Conte does not make any arguments specific to the rejected method claims on this appeal.

*re Dance*, 160 F.3d 1339, 1340 n.2 (Fed. Cir. 1998). Claim 1 recites:

>    1. An insect swatter comprising:
>
>    an elongate rod having a proximal end for being hand-held, and an opposite distal end for being aimed at an insect; and
>
>    an elastic lash including only a pair of identical annular rubber bands joined together at a knot therebetween, and having a proximal end fixedly joined and retained to said rod distal end, and an opposite and loose distal end sized for being elastically stretched from said rod distal end to adjacent said rod proximal end so that release of said lash distal end spontaneously contracts said lash for whipping said lash distal end in extended striking range against said insect while said lash is retained at said rod distal end without disconnection therefrom.

Conte takes issue with the Board's determination that claim 1 would have been obvious in light of U.S. Patent No. 1,779,507 ("White") and U.S. Patent No. 2,642,057 ("Watkins"). We exercise jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A). We review de novo the Board's legal determinations but do not disturb its underlying fact-findings as long as they are supported by substantial evidence. *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009).

Under 35 U.S.C. § 103(a), a patent may not issue "if the differences between the subject matter sought to be

patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). Obviousness is ultimately a question of law based on several underlying factual inquires, including the scope of the prior art, the level of ordinary skill in the art, the differences between the claimed invention and the prior art, and certain secondary considerations. *In re Klein*, 647 F.3d 1343, 1347 (Fed. Cir. 2011); *see also Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966).

Here, we agree with the Board's determination that the invention claimed in the '288 application would have been obvious in light of White and Watkins. Similar to the claimed invention, White discloses a rubber band gun that has an elongated body (1), a grip (2), and a trigger (13). White also discloses that two or three rubber bands may be "inter-connected" (or knotted together) (19), stretched along the body of the gun, and secured at its opposite ends. When the user pulls the trigger, the rubber bands are released from both ends and projected forward.

As the Board acknowledged, White does not expressly teach that its rubber bands are identical. Nonetheless, the rubber bands in the pertinent drawings in White (reproduced below) appear to be identical, and nothing in White suggests that they are not. Moreover, where "a patent claims a structure already known in the prior art that is altered by the mere substitution of one element for another known in the field, the combination must do more than yield a predictable result." *See KSR Int'l v. Teleflex, Inc.*, 550 U.S. 398, 421 (2007). Here, Conte does not point to anything in the record that shows that the use of identical bands in the claimed invention yields unpredict-

able results.  Therefore, the "identical" limitation in claim 1 does not sufficiently distinguish the claimed invention from White.



White (Side View)



White (Top View)


There is indeed one difference between the claimed invention and White.  Unlike the claimed invention—in which the rubber band always stays attached at the front—the rubber band in White is completely released from the gun when the user pulls the trigger.  The problem for Conte is, however, that Watkins, which discloses another rubber band gun, provides the missing link.  Similar to the claimed invention, the rubber band in Watkins is affixed to the front of the gun using a small slot and hooked in the back using a pin.  Watkins teaches that by selecting a rubber band that is thicker than the width of the slot, one can ensure that "the rubber band will not easily become detached from the barrel under even the most violent manipulation of the gun."

Conte nonetheless points out that the claimed invention and Watkins teach different types of rubber band guns. As Conte correctly observes, the claimed invention uses the rubber band itself to whiplash an insect, whereas the rubber band in Watkins is attached to a "pusher element" (or pouch) that catapults a projectile (a pea or a pellet, for example) toward the target. Conte thus argues that the Board erred in relying on Watkins to reject the claimed invention as obvious. We disagree. Watkins expressly teaches that its "pusher element-equipped rubber band" may be replaced with a conventional rubber band. And in any event, "it is not necessary that the inventions of the references be physically combinable to render obvious the invention under review." *In re Sneed*, 710 F.2d 1544, 1550 (Fed. Cir. 1983). What matters for the purpose of our analysis is that Watkins teaches that the rubber band be affixed to the front of the gun, and in so doing it teaches the only aspect of the claimed invention that does not appear in White. In our view, it would have been obvious to one of ordinary skill in the art to combine the features of White and Watkins and arrive at the invention claimed in the '288 application. Therefore, the Board's obviousness rejection is supported by substantial evidence.

### CONCLUSION

For the reasons set forth above, the Board's decision is affirmed.

### COSTS

Each party shall bear its own costs.

## AFFIRMED